**Appeal No. 22-1148**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**
_____


EMINA GEROVIC,

*Plaintiff-Appellant,*

v.

CITY AND COUNTY OF DENVER, *et al.*

*Defendants-Appellees.*

Appeal from the United States District Court
for the District of Colorado in Case No. 1:19-CV-03710-RM-NRN
Judge Raymond P. Moore
_____

**HSS DEFENDANTS-APPELLEES' RESPONSE BRIEF
ORAL ARGUMENT IS NOT REQUESTED**
_____

Michael A. Watts, Esq.
Retherford, Mullen & Moore, LLC
2 N. Cascade Ave.
Suite 500
Colorado Springs, CO 80903
Tel: (719) 884-2844
mwatts@rmmattys.com
*Attorney for HSS Defendants-Appellees*

## RULE 26.1(a) DISCLOSURE STATEMENT

HSS, Inc. was converted to HSS Security, LLC in April 2022. The parent company of HSS Security, LLC is Tarian Group, LLC.

# TABLE OF CONTENTS

**Page**

Rule 26.1(a) Disclosure Statement.................................................................2

Table of Contents.........................................................................................3

Table of Authorities......................................................................................4

Related Case Statement.................................................................................5

Statement Regarding Separate Briefing...........................................................6

Glossary......................................................................................................7

Statement of the Issue...................................................................................8

Statement of the Case...................................................................................8

Summary of Argument.................................................................................10

Argument...................................................................................................11

Conclusion.................................................................................................19

Certificate of Compliance with Type-Volume Limit, Typeface Requirement, and

Type Style Requirement...............................................................................21

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

*Adler v. Wal-Mart Stores*, 144 F.3d 664 (10th Cir. 1998).......................................18

*Beedle v. Wilson*, 422 F.3d 1059 (10th Cir. 2005)...................................................10

*Brill v. Correct Care Sols., LLC*, 286 F. Supp. 3d 1210 (D. Colo. 2018)..........15-16

*Crews v. Paine*, 686 Fed. Appx. 540 (10th Cir. 2017).........................................9-10

*Fuqua v. City of Altus*, 2018 U.S. Dist. LEXIS 58735 (W.D. Okla. 2018)...............................................................................................................11-13

*Herrera v. Santa Fe Pub. Sch.*, 41 F. Supp. 3d 1027 (D.N.M. 2014)...............15-17

*Jackson v. Curry Cty.*, 343 F. Supp. 3d 1103 (D.N.M. 2018)...........................15-16

*Maestas v. Segura*, 416 F.3d 1182 (10th Cir. N.M. 2005)..................................9-11

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1977)..............................................18

*Salazar v. City of Commerce City*, 535 Fed. Appx. 692 (10th Cir. 2013)...............................................................................................................10-12

*Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006).............................................10

**Federal Statutes**

42 U.S.C. § 1983..................................................................................................9-10

## RELATED CASES STATEMENT

No prior or related appeals have been filed with respect to this action.

## STATEMENT REGARDING SEPARATE BRIEFING

Separate appellee briefs are necessary because the HSS Defendants are asserting that this action involves a dispute between Ms. Gerovic and the City Defendants for which the HSS Defendants played no decisive role. The arguments of the HSS Defendants may diverge from those of the City Defendants in some respects and, as such, separate briefs are appropriate.

# GLOSSARY

"BOLO": "Be On the Look Out"

## STATEMENT OF THE ISSUE

Whether the District Court erred in ruling that the HSS Defendants, who did not participate in the decision to issue BOLO signs of Ms. Gerovic and possessed no retaliatory or hostile motive toward her, were entitled to summary judgment on Ms. Gerovic's claim that they are liable under Section 1983 for issuing the BOLO signs at the request of the City.

## STATEMENT OF THE CASE

HSS Security, LLC ("HSS") is a private contractor hired by the City and County of Denver (hereinafter the "City") to provide security services at City-owned buildings. (Appellant's App. 1 at 59-87; Appellant's App. 2 at 3.) Joel Womick was the Assistant Director of Operations and Kyle Knoedler was a Facility Security Supervisor at HSS at the time Ms. Gerovic was employed by the City. (Appellant's App. 1 at 92, 94.)

In September 2017, the City placed Ms. Gerovic on administrative leave. (Appellant's App. 2 at 8.) At that time, the City instructed HSS to create a "Be On the Look Out" ("BOLO") poster informing HSS employees to report Ms. Gerovic to City or HSS supervisors if she was seen on City premises. (Appellant's App. 1 at 93; Appellant's App. 2 at 10-11.) Mr. Knoedler created the requested BOLO on September 22, 2017 and updated the BOLO on October 3, 2017. (Appellant's App.

2 at 4.) On October 5, 2017, Ms. Gerovic returned to work and learned that BOLO posters of her had been created. (*Id.* at 5.)  She became upset and complained to City staff. (*Id.* at 84-85.) The City then ordered HSS to remove the BOLO posters from all locations. (*See id.* at 7-8, 36.) The City terminated Ms. Gerovic's employment on November 27, 2017, at which time a BOLO of Ms. Gerovic was again distributed to HSS staff. (*Id.* at 8, 47-48.)

As relevant to this appeal, it is undisputed that HSS, Mr. Womick, and Mr. Knoedler (the "HSS Defendants") had no independent authority to issue or rescind the subject BOLOs. Ms. Gerovic acknowledges that "before anyone at HSS made any decision to put out a BOLO for any employees of the City and County of Denver, the source of the BOLO, which would typically be a representative of a City department, would have to be involved." (Appellant's Br. at 9.) Pursuant to the foregoing, the BOLOs at issue were created and distributed due to the City's "order," rather than HSS's own initiative. (*Id.*) HSS staff had no input in the decision to issue Ms. Gerovic's BOLOs. (*See id.*; Appellant's App. 2 at 10-11.) Concomitantly, HSS also had no discretion to rescind the BOLOs when Ms. Gerovic complained about them after she returned; it had to wait for the City's instructions before removing the BOLOs. (*See* Appellant's App. 2 at 7—8, 36, 38-40.)

## SUMMARY OF ARGUMENT

This Court has held and subsequently affirmed that where a party being sued for constitutional violation under 42 U.S.C. § 1983 ("Section 1983") had no role in deciding to undertake the alleged unconstitutional acts, it may only be liable for such acts where it possessed a retaliatory motive that set in motion events that ultimately led to the occurrence of such acts. *See Maestas v. Segura*, 416 F.3d 1182, 1191 (10th Cir. N.M. 2005); *Crews v. Paine*, 686 Fed. Appx. 540, 548 (10th Cir. 2017). Here, it is undisputed that the HSS Defendants had no role in the decision to put out BOLO posters of Ms. Gerovic. It is also undisputed that the HSS Defendants neither possessed a retaliatory or otherwise hostile motive toward Ms. Gerovic nor set in motion events that led to the BOLO posters being issued. The HSS Defendants were mere intermediaries who were caught up in an ongoing dispute between Ms. Gerovic and the City and were only doing their jobs, as required by the City. This Court's precedents do not hold them liable under such circumstances. Accordingly, this Court should affirm the District Court's grant of summary judgment to the HSS Defendants as to Ms. Gerovic's Section 1983 claim against them.

## ARGUMENT

To establish a claim under Section 1983, a plaintiff must prove: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) *proximately caused* (3) by the conduct of a person (4) who acted under color of [state law]." *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (internal quotes, brackets, and citation omitted) (emphasis added). As proximate causation is a required element of a Section 1983 claim, a plaintiff bringing such a claim must establish "direct personal responsibility for the claimed deprivation of a constitutional right" by the party against whom the claim is asserted. *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

Where a Section 1983 claim stemming from adverse employment action is brought against a party who did not have decision-making authority for that action, the plaintiff must prove that the party "possessed a retaliatory motive which set in motion the events that ultimately led to [the action]." *Maestas*, 416 F.3d at 1191; *see also Crews*, 686 Fed. Appx. at 548 (holding that *Maestas* is clearly established law); *Salazar v. City of Commerce City*, 535 Fed. Appx. 692, 702-03, 2013 WL 5303257 (10th Cir. 2013) (applying *Maestas* to deny claims of racial and national origin discrimination); *Fuqua v. City of Altus*, 2018 U.S. Dist. LEXIS 58735, *11-13 (W.D. Okla. 2018) (applying *Maestas* to deny Section 1983 claim).

*Maestas*, *Salazar*, and *Fuqua* each provide illustrative examples. In *Maestas*, employees of the city of Albuquerque sued the director and a superintendent of the city's waste management department under Section 1983 over allegations that the defendants unlawfully retaliated against them for speaking out on inefficiency within the department. *Maestas*, 416 F.3d at 1184. This Court held that plaintiffs' claim as to the superintendent failed because the superintendent did not make the ultimate decision to transfer their employment; the director did. *See id.* at 1190-91. The Court noted that the superintendent may nevertheless be liable under Section 1983 had he acted pursuant to a "retaliatory motive which set in motion the events that ultimately led to" the job transfers, but there was insufficient evidence of that in the case, as the facts indicated that city-wide budget cuts and occupational needs, rather than retaliatory motive by the superintendent, led to the transfers. *Id.* at 1191. This Court reached the foregoing conclusion despite the fact the superintendent advised the director on transferring plaintiffs. *See id.* at 1187.

In *Salazar*, a former employee of Commerce City sued the city's mayor, human resources director, and manager (among other parties) for alleged wrongful termination based on race, national origin, and gender discrimination. *See Salazar*, 535 Fed. Appx. at 694, 699, 703. Applying *Maestas*, this Court ruled against the plaintiff as to her claims against the mayor and human resources director on

grounds that neither defendant "was either a decision maker with respect to her termination or . . . had a retaliatory motive that set in motion the events leading up to it." *Id.* at 702. The Court noted that while the human resources director reviewed the plaintiff's termination letter, there was no evidence that she participated in the decision to terminate plaintiff herself; that decision was made, instead, by the city's manager. *Id.* at 702-03.

In *Fuqua*, a former employee of the city of Altus sued the city's chief financial officer and clerk under Section 1983 for alleged wrongful termination based on religious discrimination. *See Fuqua*, 2018 U.S. Dist. LEXIS 58735, at *2-3, 9. Noting that "[t]he submitted evidence suggests that [the chief financial officer and city clerk] were highly focused on plaintiff's status as a Mormon, were motivated to retaliate against him on that basis, and made complaints based on that," the District Court for the District of Western Oklahoma nevertheless ruled against the plaintiff on grounds that the defendants did not make the decision to terminate him and did not engage in actions that "set in motion" his termination. *Id.* at *12, 14 (internal quotes omitted). The court stated that causation under *Maestas* requires "some level of formal involvement in the . . . decision" to take adverse action, such as "initiating an investigation, recommending the [plaintiff's] discharge, investigating [the plaintiff's] conduct, or instigating charges." *Id.* at

*12-13 (internal citation omitted). So while defendants and initiated "[c]omplaints and gossip" against plaintiff, it cannot be said that they caused his termination for Section 1983 purposes because they did not "play[ a] formal role in the City's dealings with [him]." *Id.* at *13.

Applying the above, it is apparent that Ms. Gerovic cannot sustain a Section 1983 claim against the HSS Defendants. In her opening brief, Ms. Gerovic acknowledges that the HSS Defendants had no control over the decision to issue BOLOs against her. She states on page 9 of the brief that "before anyone at HSS made any decision to put out a BOLO for any employees of the City and County of Denver, the source of the BOLO, which would typically be a representative of a City department, would *have to be involved*." (Appellant's Br. at 9 (emphasis added).) The BOLOs at issue were created and distributed pursuant to the City's "order," rather than HSS's own initiative. (*Id.*) HSS had no input in the decision to issue Ms. Gerovic's BOLOs. (*See id.*; Appellant's App. 2 at 10-11.) Moreover, HSS also had no discretion to rescind the BOLOs once Ms. Gerovic complained about them, but had to follow the City's instructions. (*See* Appellant's App. 2 at 7—8, 36, 38-40.)

Because the HSS Defendants did not exercise any decision-making authority over Ms. Gerovic's BOLOs, they may only be liable for any civil rights violations

14

that may have resulted from the BOLOs if they "possessed a retaliatory motive which set in motion the events that ultimately led to" the BOLOs being issued, per *Maestas*. There is no evidence in this case that HSS personnel possessed any retaliatory or otherwise hostile motive toward Ms. Gerovic at any relevant time. To the contrary, there is evidence suggesting that HSS took a conciliatory and understanding approach toward Ms. Gerovic and Ms. Gerovic viewed HSS as confidants with respect to her dispute against the City. (*See* Appellant's App. 2 at 38-39.) Ms. Gerovic indicated at one point that she did not want to involve Mr. Knoedler and HSS in the dispute, despite the fact that they had carried out the City's orders to issue BOLOs of her. (*See id.* at 39.) Ms. Gerovic makes no effort in her opening brief to suggest that HSS possessed any retaliatory or otherwise hostile motive toward her. Without any evidence or allegations that the HSS Defendants possessed a retaliatory or hostile motive toward Ms. Gerovic or that they set in motion events leading to the BOLOs being issued (as discussed above), the HSS Defendants cannot be liable for any civil rights violations that may have resulted to Ms. Gerovic from the BOLOs under *Maestas*.

Citing *Maestas*, the District Court concurred with the above analysis and ruled in the HSS Defendants' favor. (*See* Appellant's App. 3 at 132.)

On appeal, Ms. Gerovic disagrees with the HSS Defendants and the District Court that a defendant with no decision-making role or retaliatory motive leading to adverse action cannot be liable under Section 1983. She contends, contrary to *Maestas* and its line of cases, that a defendant may be liable under Section 1983 even where "he was acting at the direction of a third party" and "there is no evidence that the 'subordinate' defendant himself had discriminatory intent." (Appellant's Br. at 48.) She cites *Brill v. Correct Care Sols., LLC*, 286 F. Supp. 3d 1210 (D. Colo. 2018), *Jackson v. Curry Cty.*, 343 F. Supp. 3d 1103 (D.N.M. 2018), and *Herrera v. Santa Fe Pub. Sch.*, 41 F. Supp. 3d 1027 (D.N.M. 2014) for the proposition that a "defendant may be liable for a §1983 violation, even when acting at the suggestion or direction of another person." (*Id.*)

*Brill* is distinguishable, and *Jackson* and *Herrera* do not stand for the proposition Ms. Gerovic cites them for.

In *Brill*, a physician who contracted with a private company to provide medical services at a county prison was fired by the private company after he testified in court that he would have acted sooner than the company did in treating a particular prisoner who was exhibiting abnormal medical symptoms. *See Brill*, 286 F. Supp. 3d at 1214-15. The district court held that the physician had plausibly alleged that the company was a state actor for purposes of the adverse employment

16

action taken against him because he had alleged that the county encouraged the

company to take action against him. *See id.* at 1217. *Brill* is distinguishable from

this case because in *Brill*, the decision to terminate the plaintiff was made by the

company and the county merely provided encouragement, *see id.* at 1214-15, 1217,

whereas here, the decision to issue BOLOs was made entirely by the City. *Brill*

thus does not support the assertion that a defendant may be liable under Section

1983 even where it was not the decision-maker, as the defendant in that case *was*

the decision maker.

In *Jackson*, plaintiffs sued a private manager of county fairgrounds for

canceling a concert they had contracted with the manager and county to put on. *See*

*Jackson*, 343 F. Supp. 3d at 1105-08. The decision to cancel the concert was made

by the manager after the county expressed concerns about the concert. *See id.* at

1113. The district court ruled that the county could be liable to plaintiffs under

Section 1983 because the facts indicated that the decision to cancel the concert

resulted from the county's complaints. *See id.* at 1113-14. The district court did not

rule in regards to the manager (i.e., the private actor) in this decision. Even if,

hypothetically, the district court had found the manager to be liable under Section

1983 in the decision, the decision would also be distinguishable from this case for

the reason that the decision to cancel the concert in *Jackson* was made by the

17

manager, *see id.* at 1108 ("Global Spectrums' employees . . . made the decision to cancel the concert based on the concerns expressed by the County . . . ." (internal quotes omitted)), whereas here, HSS did not make the decision to issue BOLOs.

Lastly, Ms. Gerovic cites *Herrera* for the holding that plaintiffs in that case had stated a Section 1983 claim against a private security company for carrying out unconstitutional pat-down searches despite the company having acted at the direction of a public school. *Herrera* ruled that the security company qualified as a state actor for purposes of Section 1983, but ultimately held that the company was *not* liable for Section 1983 violations under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1977) and the doctrine of qualified immunity. *See Herrera*, 41 F. Supp. 3d at 1177, 1187-88. It appears Ms. Gerovic is mistaken regarding the district court's ruling. *Herrera* in fact noted (without deciding) that the fact the security company was not involved in the decision to conduct pat-down searches would be "persuasive as a causation argument," suggesting the company is not be liable under Section 1983 for the separate reason that it was not the decision-maker. *Id.* at 1177. *Herrera* is thus of no benefit to Ms. Gerovic and, in fact, cuts against her position.

Ms. Gerovic's argument that case law supports Section 1983 liability even where the defendant had no decisional input and acted only on the direction of

18

another is thus without merit.[1] Ms. Gerovic does not address *Maestas* and its line of cases in her opening brief, and raises no other argument against the District Court's grant of summary judgment to the HSS Defendants. *See Adler v. Wal-Mart Stores*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . .").

Because this Court's precedents hold that a defendant is not liable under Section 1983 where it had no role in deciding to undertake alleged unconstitutional acts and possessed no retaliatory motive setting in motion events leading to such acts, and because it is not disputed that the HSS Defendants had no input in the decision to issue BOLOs of Ms. Gerovic and possessed no retaliatory motive toward her at any time, this Court should affirm the District's grant of summary judgment to the HSS Defendants.

## CONCLUSION

For the reasons discussed above, the HSS Defendants respectfully request that this Court affirm the District Court's grant of summary judgment to them as to Ms. Gerovic's Section 1983 claim.

---

[1]     Ms. Gerovic also argues that a defendant may be liable under Section 1983 if it acted at the "suggestion" of another. This argument is inapposite because the HSS Defendants are not asserting that the City merely suggested that they issue BOLOs, they assert that they were ordered to do so by the City.

Respectfully submitted on August 19, 2022.

/s/ Michael Watts
Michael A. Watts, Esq.
Retherford, Mullen & Moore, LLC
2 N. Cascade Ave.
Suite 500
Colorado Springs, CO 80903
Tel: (719) 884-2844
mwatts@rmmattys.com
*Attorney for HSS Defendants-Appellees*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1.      This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,826 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Date: August 19, 2022

*/s/ Michael Watts*
Michael A. Watts, Esq.
Retherford, Mullen & Moore, LLC
2 N. Cascade Ave.
Suite 500
Colorado Springs, CO 80903
Tel: (719) 884-2844
mwatts@rmmattys.com
*Attorney for HSS Defendants-Appellees*